# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM FRENCH,<br>          Appellant, | DOCKET NUMBER<br>DC-0752-15-0655-I-1 |
| v. | |
| ENVIRONMENTAL PROTECTION<br>    AGENCY,<br>          Agency. | DATE: November 10, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Ericka Dorsey, Washington, D.C., for the appellant.

Emily Hubbard, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appellant's appeal of his alleged involuntary retirement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant contended in his appeal that his May 4, 2012 retirement from his GS-7 Office Assistant position was involuntary because the agency subjected him to a hostile working environment based on his age and disability.  Initial Appeal File (IAF), Tab 1.  After affording the appellant notice that his appeal might not be within the Board's jurisdiction, the administrative judge ordered the appellant to submit evidence and argument establishing a nonfrivolous allegation of jurisdiction.  IAF, Tab 3.  In response, the appellant contended that he had no choice but to retire after the agency proposed his removal.  IAF, Tab 7 at 5.  He also asserted that the agency directed him to report to an upper-level supervisor (the Chief Administrative Law Judge [CALJ]), rather than his first-line supervisor of record, the CALJ instructed him to work at the receptionist's desk, the CALJ rarely gave him work assignments, the CALJ criticized him for being away from his desk, the CALJ denied sick leave requests and placed the appellant in an absence without leave (AWOL) status, the CALJ placed him on leave restriction, he was denied training, the agency proposed his removal on February 29, 2012, and the agency created a hostile working environment based on the appellant's age and disability.  *Id.* at 4-6.  The administrative judge found that the appellant

failed to make a nonfrivolous allegation of jurisdiction and he dismissed the appeal for lack of jurisdiction without a hearing. IAF, Tab 11, Initial Decision (ID) at 6-9.

¶3        An employee-initiated action, such as a retirement, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the action was obtained through duress, coercion, or misinformation, or if the appellant demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to retire. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 11 (2011); *see Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). The reasonable person test is an objective test and does not depend on the appellant's subjective characterization of the agency's actions. *See Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). Furthermore, when an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Id.* at 578. Thus, in an involuntary retirement appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to retire. *Id.*

¶4        Below, the appellant provided little facts, and no evidence, in support of his claim that his retirement was involuntary. For example, he stated that his reporting chain was changed so he came under the direct supervision of the CALJ. The appellant did not explain why he found this objectionable, and he has not provided enough information for the Board to evaluate whether a reasonable person in his position would find the change in supervision not merely objectionable, but creating working conditions so intolerable that one would feel compelled to retire. *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed.

Cir. 1996) (holding that the doctrine of coercive involuntariness does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave). The same is true for the appellant's other allegations. He has not explained why a reasonable person in his position would find having to work at a receptionist's desk and being expected to remain at his work station to be intolerable. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that dissatisfaction with work assignments, feeling unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). He asserted that the agency denied his sick leave requests, placed him in an AWOL status, and put him on leave restriction, but his claim that it was common knowledge that he has an unspecified chronic medical condition does not explain why the agency was wrong to engage in these actions, much less that the agency's actions were egregious enough to make a reasonable person feel he had no choice but to resign. *See Terban v. Department of Energy*, 216 F.3d 1021, 1026 (Fed. Cir. 2000) (determining that, where the appellant claimed that his retirement was involuntary because the agency threatened to convert his leave status to AWOL, he had to show by preponderant evidence that the agency's threat was made without a reasonable basis).

¶5      The fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of his or her ultimate choice of resignation, unless the employee can show that the agency knew or should have known that the reason for the threatened removal could not be substantiated. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987); *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010). Here, however, the appellant makes only a bare

allegation that the agency knew that the proposed removal could not be substantiated. He does not explain the reasons the agency gave him for proposing his removal, and he makes no factual allegations that would even suggest that the agency was aware that it could not prove its charges. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (concluding that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action); *Miller*, 111 M.S.P.R. 325, ¶ 10. We find, therefore, that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

¶6        On review, the appellant greatly expands on the factual allegations he made below. All of these new arguments are based on facts that were known to him while his appeal was pending before the administrative judge. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant here has not attempted to show due diligence, and we have not relied on his new arguments on review.

¶7        Nevertheless, even if we were to consider them, they do not affect the outcome of the case. A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *See, e.g.*, *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 10 (2007). The appellant's new allegations, even if he were able to prove them, would not show that his retirement was involuntary. For example, the appellant admits on review that he did not always provide the agency with medical documentation each time he was absent because he found the requirement excessive and unnecessary. Petition for Review (PFR) File, Tab 1 at 11-12. If the appellant were able to prove every allegation he raises for the first time on review, he would have established that he was unhappy and frustrated in his new position, but he still would not have shown that a reasonable person in his

position would have found the working environment so intolerable that he had no choice but to resign.

¶8     For the above-noted reasons, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  In light of this disposition, we need not consider whether the appeal was timely filed.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.